# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BMO Harris Bank, N.A., a national banking association,

          Plaintiff,

v.

Zoccoli et al,

          Defendants.

_____/

Case No. 18-11954

Judith E. Levy
United States District Judge

Mona K. Majzoub
Magistrate Judge

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE DOCUMENTS AND ATTEND DEPOSITION [58]

Before the Court is Plaintiff BMO Harris Bank N.A.'s motion for an order pursuant to Fed. Rs. Civ. P. 37 and 69 compelling Defendant Harry Zoccoli, III to respond to post-judgment discovery requests that were served and ignored. Plaintiff also moves for an order granting reimbursement of the fees it incurred in filing this motion and in hiring a court reporter for the missed deposition. For the foregoing reasons, Plaintiff's motion to compel document production and deposition attendance is GRANTED. The Court also provisionally GRANTS

Plaintiff's motion to recover reasonable expenses related to this motion, subject to Plaintiff submitting an affidavit of reasonable expenses.

On January 22, 2019, Plaintiff obtained a default judgment against Defendant in the amount of $553,844.91. (ECF No. 28.) On January 17, 2020, pursuant to Federal Rule of Civil Procedure 45, Plaintiff served Defendant with a subpoena to testify at a deposition on February 13, 2020 and to produce documents related to Defendant's assets and liabilities. (ECF No. 57.) Plaintiff alleges that Defendant failed to appear at the deposition and failed to produce documents.

On March 10, 2020, Plaintiff filed a motion to compel Defendant's attendance at a deposition and to produce the requested documents. (ECF No. 58.) Plaintiff also moved for reimbursement of its expenses related to filing the motion. (*Id.*) Plaintiff attached exhibits demonstrating that its service of Defendant complied with all rules and requirements. (*Id.*) Defendant did not respond to Plaintiff's motion.

Plaintiff is entitled to receive the requested documents from Defendant and to have Defendant appear for deposition. After obtaining a money judgment, a creditor is entitled to "obtain discovery from any person—including the judgment debtor—as provided in [the Federal

Rules of Civil Procedure]" in "aid of the judgment or execution." Fed. R. Civ. P. 69(a)(2). The scope of discovery under Rule 69 is "very broad," *United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007), and includes any means of discovery allowable under the federal or state discovery rules, including depositions and document requests. *See United States v. Thomas*, No. 4-cv-49, 2017 WL 571506, at \*1 (E.D. Tenn. Feb. 13, 2017).

The Court may compel a response to a permissible discovery request, including post-judgment discovery requests, under Rule 69. Fed. Rs. Civ. P. 37(a); 69(a)(2). Here, the Court has examined Plaintiff's subpoena and has concluded that the deposition and document requests are permissible post-judgment discovery requests. Therefore, Plaintiff's motion to compel deposition attendance and document production is GRANTED. Defendant is COMPELLED to provide full and complete answers to Plaintiff's document requests for production on or before **Friday, May 15, 2020**. Defendant is further COMPELLED to attend the forthcoming deposition. Defendant is cautioned that failure to comply with a court order may expose him to sanctions for contempt of court. Fed. R. Civ. P. 37(b)(2), (d)(3).

Plaintiff is also entitled to recoup the reasonable expenses that it incurred in filing the motion to compel. Fed. R. Civ. P. 37(a)(5)(A). However, the Court must conduct an accounting to determine that the expenses are reasonable. *See id.* Therefore, Plaintiff is ORDERED to provide an accounting of the reasonable expenses it incurred in filing this motion by **Friday, May 1, 2020**.

IT IS SO ORDERED.

Dated: April 14, 2020　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 14, 2020.

　　　　　　　　　　　　　　　　　s/William J. Barkholz
　　　　　　　　　　　　　　　　　WILLIAM J. BARKHOLZ
　　　　　　　　　　　　　　　　　Case Manager

4