## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BMO Harris Bank, N.A., a national
banking association,

                           Case No. 18-11954

               Plaintiff,

                           Judith E. Levy

v.                          United States District Judge

Zoccoli et al,

               Defendants.

_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO HOLD DEFENDANT IN CONTEMPT OF COURT [62] AND ORDERING DEFENDANT TO APPEAR AND SHOW CAUSE

Before the Court is Plaintiff BMO Harris Bank N.A.'s motion for an order finding Defendant Harry Zoccoli, III in contempt of court and ordering a list of sanctions including fines and incarceration. (ECF No. 62, PageID.294.) For the following reasons, Plaintiff's motion is GRANTED IN PART and Defendant is ordered to pay the reasonable fees and expenses that he caused Plaintiff to incur in pursuing this motion. The Court additionally ORDERS Defendant to appear at a virtual

hearing on **April 15, 2021 at 2:00 p.m.** and show cause why the Court should not grant the remainder of Plaintiff's requested sanctions.

## BACKGROUND

On January 22, 2019, Plaintiff obtained a default judgment against Defendant in the amount of $553,844.91. (ECF No. 28.) On January 17, 2020, pursuant to Federal Rule of Civil Procedure 45, Plaintiff served Defendant with a subpoena to testify at a deposition on February 13, 2020 and to produce documents related to Defendant's assets and liabilities. (ECF No. 57.) Plaintiff alleges that Defendant failed to appear at the deposition and failed to produce documents.

On March 10, 2020, Plaintiff filed a motion to compel Defendant's attendance at a deposition and to produce the requested documents. (ECF No. 58.) Plaintiff also moved for reimbursement of its expenses related to filing the motion. (*Id.*) Plaintiff attached exhibits demonstrating that its service of Defendant complied with all rules and requirements. (*Id.*) Defendant did not respond to Plaintiff's motion.

On April 14, 2020, the Court granted Plaintiff's motion to compel Defendant to produce the requested documents and attend a deposition. (ECF No. 59.) The Court also cautioned Defendant that "failure to comply

with a court order may expose him to sanctions for contempt of court.
Fed. R. Civ. P. 37(b)(2), (d)(3). (*Id.* at PageID.286.)

## PLAINTIFF'S MOTION TO HOLD DEFENDANT IN CONTEMPT

On July 15, 2020, Plaintiff filed a motion requesting that the Court
hold Defendant in contempt of Court for failing to obey the Court's April
2020 order or in any way respond to Defendant. (ECF No. 62.) Plaintiff
also requests that the Court

> order [Defendant] to appear by the U.S. Marshall Service and
> brought to Court, be held in civil contempt and incarcerated
> until he complies with this Court's Order of April 14, 2020. In
> addition, the Bank requests that this Court sanction Mr.
> Zoccoli in an amount of $2,000 to be paid to the Court. In
> addition, [Plaintiff] pursuant to FRCP 37(d)(3) requests this
> Court order [Defendant] to pay the reasonable expenses,
> including attorney fees caused by [Defendant]'s failure to
> comply with this Court's Order of April 14, 2020 including
> attorney fees incurred in preparing this Motion for Contempt
> and any court hearings on this Motion for contempt.

(*Id.* at PageID.294-295.) Defendant did not respond to Plaintiff's motion.

Subject to a reasonable accounting of expenses from Plaintiff, the
Court preliminarily GRANTS Plaintiff's motion for Defendant to pay the
reasonable fees and expenses caused by his failure to respond to
Plaintiff's motion. Fed. R. Civ. P. 37(d)(3) (When a party fails to "attend

its own deposition, serve answers to interrogatories, or respond to a request for inspection," the court "must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust"). As to Plaintiff's other requested sanctions, the Court ORDERS that Defendant appear by virtual hearing on **April 15, 2021 at 2:00 p.m.** and show cause why such sanctions are inappropriate.

The Court will not afford Defendant another opportunity to explain himself.

IT IS SO ORDERED.

Dated: March 29, 2021                    s/Judith E. Levy
Ann Arbor, Michigan                      JUDITH E. LEVY
                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 29, 2021.

                                         s/William J. Barkholz
                                         WILLIAM J. BARKHOLZ
                                         Case Manager